## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ )<br><br>JOYCE B. BREDELL,    )<br>    )<br>    Plaintiff,    )<br>    )<br>    v.    )<br>    )<br>DIRK KEMPTHORNE, Secretary,    )<br>United States Department of the Interior,    )<br>    )<br>    Defendant.    )<br>_____ ) | Civil Action No. 06-1857 (RCL) |

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

Defendant Dirk Kempthorne, Secretary, United States Department of the Interior, through

the undersigned counsel, respectfully moves the Court, pursuant to Fed. R. Civ. P. 12(b)(1) and

12(b)(6), for an order dismissing the complaint herein or, in the alternative, pursuant to Fed. R.

Civ. P. 8(a) and 12(e), for an order requiring Plaintiff to amend her Complaint to provide a more

definite statement.[1]  Defendant submits the attached Memorandum of Points and Authorities In

Support and proposed Orders.

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

---

[1] Defendant also moves to dismiss the United States of America and the Attorney General of the United States as defendants herein.  Plaintiff alleges that she was an employee of the U.S. Department of the Interior for purposes of her claims of discrimination. Therefore, the Secretary of the Department of the Interior is the only proper defendant.  *See* 42 U.S.C. § 2000e-16(c).

_____/s/_____

JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
)
**JOYCE B. BREDELL,**                                )
)
           **Plaintiff,**                               )
)
      **v.**                                            )        **Civil Action No. 06-1857 (RCL)**
)
**DIRK KEMPTHORNE, Secretary,**              )
**United States Department of the Interior,**   )
)
          **Defendant.**                           )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION
FOR A MORE DEFINITE STATEMENT**

Defendant Dirk Kempthorne, Secretary, United States Department of the Interior, through

counsel, the United States Attorney for the District of Columbia, respectfully moves this Court,

pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), 12(b)(6) and 12(e), to dismiss

Plaintiff's Complaint or, in the alternative, require Plaintiff to amend her Complaint to provide a

more definite statement of her claims.  As grounds for this motion, Defendant submits that

Plaintiff's Complaint is almost completely devoid of factual allegations and, for the most part,

contains merely legal conclusions.  Moreover, the Complaint fails to provide any factual basis for

the claims of sexual harassment, disability, or reprisal.  Accordingly, the Complaint as drafted

should be dismissed.  In the alternative, Defendant submits that, at the very least, Plaintiff should

be required to provide a more definite statement of her claims.  Plaintiff's Complaint fails to

adequately provide notice of her alleged claims, and it is, therefore, impossible for Defendant to

respond to the Complaint or determine whether Defendant has legitimate affirmative defenses.

Accordingly, a more definite statement would be appropriate in this case.

**Plaintiff's Complaint**

Plaintiff's Complaint is vague and ambiguous, and fails to articulate cognizable claims upon which relief can be granted.  More significantly, in some instances, the Complaint is confusing in that it appears to assert a third party's allegations, alleges termination of her employment, and refers to paragraphs that are not in the Complaint.

The first paragraph of the Complaint indicates that Plaintiff, Ms. Bredell, is seeking damages for alleged violations of Title VII of the Civil Rights Act, as amended.  However, in the section of the Complaint titled "Jurisdiction and Venue," the Complaint states that "Ms. Lee is also setting forth a sexual harassment, disability and reprisal cause of action based on incidents that occurred during her employment at the Department of Interior."  Given the nature of this confusing allegation and lack of specificity, it is unclear whether Plaintiff is actually asserting these claims on her behalf or on the behalf of a third party.  Additionally, it does not appear that a claim for sexual harassment was made at the administrative level and, thus, may be subject to dismissal for failure to exhaust.   *See* Government Exhibit 1, Decision of the U.S. Equal Employment Opportunity Commission (hereafter "Govt. Ex. 1").

In the section of the Complaint titled "Facts Common to All Counts" the facts provided by Plaintiff are that:  (1) on or around August 20, 2004, Plaintiff was removed from a previously approved Alternative Work Schedule (AWS); (2) on September 29, 2004, Plaintiff became aware that her selection for the position of Program Support Assistant (OA), GS-308-8, had been rescinded; and (3) the promotion had been rescinded the day after Plaintiff had a meeting with her supervisor to discuss her selection, which was in a different office.  *See* Complaint at ¶¶ 6-8. The few facts provided here describe the rescission of a selection for a position.  Even if true, it is

2

difficult to imagine how these bare facts support Plaintiff's claim in Count I of her Complaint that she was terminated in violation of Title VII. *See* Complaint at ¶ 12. In any event, Plaintiff did not raise a claim of "termination" at the administrative level. *See* Govt. Ex. 1.

The remainder of Plaintiff's Complaint is filled with assertions without exposition. Even the asserted legal conclusions are confusing. For instance, the Complaint alleges that defendants violated Title VII as described in paragraphs 1-60. *See* Complaint at ¶ 13. However, Plaintiff's Complaint only contains 25 paragraphs. Defendant simply cannot determine what claims are before the Court or to what allegations he is required to respond. This is not the fair notice envisioned by the Federal Rules of Civil Procedure.

## ARGUMENT

### A. Legal Standards of Review for a Motion to Dismiss

Defendant moves to dismiss Plaintiff's Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. As discussed below, there are different standards of review for dismissal of a complaint for lack of jurisdiction over the subject matter pursuant to Fed. R. Civ. P. 12(b)(1), and for dismissal of a complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Thompson v. Capitol Police Board*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao, Dep't. of Labor*, 154 F. Supp. 2d 61, 64

(D.D.C. 2001) (citations omitted), *affirmed*, 346 F.3d 192 (D.C. Cir. 2003), *cert. denied*, 543 U.S. 809 (2004). In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." *Thompson*, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. *Herbert v. National Academy of Science*, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. *See id.*[2]

A motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), may be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that support her claim for relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1117 (D.C. Cir. 2000). The Court must accept as true all the factual allegations in the complaint, *see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993), and Plaintiff "must be granted the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979). "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Communication Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor must the Court accept legal conclusions cast in the form of factual allegations." *Id.* at 1276.

---

[2] There were no exhibits, affidavits, or other documents filed with Plaintiff's Complaint.

 Defendant submits that after applying these standards, it is clear that Plaintiffs' Complaint, or at the very least, the claims in the Complaint for sexual harassment, disability, and reprisal should be dismissed.

### B.    Exhaustion by Timely Pursuit of Claim

In the context of federal discrimination claims, administrative "exhaustion" requires the plaintiff to file a timely administrative charge. *Kizas v. Webster*, 707 F.2d 524, 543 (D.C. Cir. 1983) (Title VII); *Tyler v. United States Postal Service*, 2001 U.S. Dist. LEXIS 2110, at *8 (D.D.C. Feb. 22, 2001) (ADEA). "Exhaustion is required in order to give federal agencies an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary." *Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir. 1985). *See, e.g., Delaware State College v. Ricks*, 449 U.S. 250, 256-57 (1980) (stating that the Title VII administrative filing requirement protects employers from the burden of defending claims that arise from decisions that were made long ago). Compliance with the above-mentioned procedures is mandatory. The Supreme Court recently emphasized that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *National Railroad Passenger Corp. v. Morgan*, 536 U.S.101, 110 (2002).

Because of the confusing and ambiguous nature of the Complaint, it is unclear whether Plaintiff is raising claims that have not been administratively exhausted. However, a review of the administrative decision in this case suggests that Plaintiff did not raise claims of sexual harassment or termination at the administrative level. *See* Govt. Ex. 1. Accordingly, these claims should be dismissed.

## C.  In the Alternative, Plaintiff Should Be
## Required To Provide A More Definite Statement

In any event, should the Court deny Defendant's motion to dismiss, Plaintiff should be required to provide a more definite statement of her claims.  As it stands, Defendant cannot ascertain the causes of action actually advanced by Plaintiff.

Under the Federal Rules, the principal function of the Complaint is to give the defendant fair notice of the claims asserted so that the defendant can make an adequate response, either by answer or dispositive motion.  Here, the Complaint fails to meet even these minimum requirements.

Rule 8(a), Fed. R. Civ. P., states that a claim:

> [S]hall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

*Id*.  Based on Plaintiff's Complaint, it is far from clear that Plaintiff is entitled to any relief, particularly any relief based on claims of termination, sexual harassment, disability, or reprisal.

Similarly, Rule 10(b), Fed. R. Civ. P., requires that:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings.  Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

*Id*.  In this case, it is impossible for Defendant to comply with Fed. R. Civ. P. 10(b), given the contents of Plaintiff's Complaint.

6

"The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217). "Beyond this, the rule serves to sharpen the issues to be litigated . . . ." *Brown*, 75 F.R.D. at 498 (dismissing *pro se* plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action). Because Plaintiff's Complaint has failed to comply with the Rules, it should be dismissed.

Alternatively, the Court should enter an order, pursuant to Fed. R. Civ. P. 12(e), requiring Plaintiff to amend her Complaint in order to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Fed. R. Civ. P. 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

A more definite statement of Plaintiff's claims is critical because, as stated, to the extent Plaintiff is advancing Title VII claims, she must have filed a timely administrative claim with the employing agency and exhausted her administrative remedies before filing a civil action. More importantly, Plaintiff's Complaint lacks the necessary specificity to enable Defendant to understand the nature of the claims against his Department. Rather, Plaintiff's Complaint appears to seek to advance claims of discrimination based upon either a non-selection, a termination, or both. The Complaint also appears to advance claims for sexual harassment, disability, and reprisal, but whether they are actually Plaintiff's claims is unclear. Apart from

7

whether the Court dismisses any part of the Complaint outright, it will be exceedingly difficult

for Defendant to proceed with discovery, or even to prepare an answer to the Complaint, without

a more definite statement of the specific alleged wrongful acts that serve as the bases of

Plaintiff's claims for relief.

## **CONCLUSION**

WHEREFORE, Defendant respectfully submits that the Court should dismiss Plaintiff's

Complaint, or, in the alternative, require Plaintiff to amend her Complaint such that it sets forth a

more definite statement of her claims.

Respectfully submitted,

  /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  /s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

**CERTIFICATION OF SERVICE**

I HEREBY CERTIFY, this 5th day of March, 2007, reliance on the Electronic Filing

System (ECF) to insure that digital copies of the foregoing Defendant's Motion to Dismiss, Or In

The Alternative, Motion for a More Definite Statement, Memorandum of Points and Authorities

In Support, and proposed Orders, have been served on Counsel for Plaintiff, Reuben B. Collins,

II, Collins & Talley, LLC.

         \_\_/s/_____

         JUDITH A. KIDWELL,

         ASSISTANT U.S. ATTORNEY

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| **JOYCE B. BREDELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-1857 (RCL)** |
| ) | |
| **DIRK KEMPTHORNE, Secretary,** ) | |
| **United States Department of the Interior,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**<u>ORDER</u>**

UPON CONSIDERATION OF Defendant's Motion to Dismiss or, In The Alternative,

Motion for a More Definite Statement, and Memorandum of Points and Authorities in Support

Thereof, any Opposition thereto, and the entire record herein, it is this ____ day of March, 2007,

**ORDERED**, that Defendant's Motion to Dismiss is **GRANTED**, and it is

**FURTHER ORDERED**, that the complaint herein is dismissed without prejudice.


                                    _____
                                    UNITED STATES DISTRICT JUDGE


DATED: _____

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **JOYCE B. BREDELL,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 06-1857 (RCL)** |
| | ) |
| **DIRK KEMPTHORNE, Secretary,** | ) |
| **United States Department of the Interior,** | ) |
| | ) |
| **Defendant.** | ) |

---

## ORDER

UPON CONSIDERATION OF Defendant's Motion to Dismiss or, In The Alternative,

Motion for a More Definite Statement, and Memorandum of Points and Authorities in Support

Thereof, any Opposition thereto, and the entire record herein, it is this ____ day of March, 2007,

**ORDERED**, that Defendant's Motion to Dismiss Plaintiff's Complaint is **DENIED**, and

it is

**FURTHER ORDERED**, that Defendant's Motion to Dismiss the United States of

America and the Attorney General of the United States as Defendants herein, is **GRANTED,** and

it is

**FURTHERED ORDERED**, that Defendant's Motion for a More Definite Statement is

**GRANTED,** and

**FURTHERED ORDERED** that Plaintiff shall amend her Complaint by March _____, 2007, to provide a more definite statement of her claims.


_____
UNITED STATES DISTRICT JUDGE


DATED: _____

Exhibit 1

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### WASHINGTON, D.C. FIELD OFFICE
1801 L Street, NW, Suite 100
Washington, D.C. 20507

| | | |
|---|---|---|
| Joyce B. Bredell, | : | |
|     Complainant, | : | EEOC No. 100-2006-00040X |
| | : | |
|       v. | : | Agency No. BIA-05-013 |
| | : | |
| Dirk Kempthorne, Secretary, | : | <u>June 12, 2006</u> |
|     U.S. Department of the Interior, | : | |
|     Agency, | : | |

### <u>ORDER ENTERING JUDGMENT</u>

For the reasons set forth in the enclosed Decision issued June 12, 2006, judgment in the above-captioned matter is hereby entered. A Notice To The Parties explaining their appeal rights is attached. This office is also enclosing a copy of the Report of Investigation and the Hearing record for the Agency.

SO ORDERED.

Richard W. Furcolo
Administrative Judge



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### WASHINGTON, D.C. FIELD OFFICE
1801 L Street, NW, Suite 100
Washington, D.C. 20507

| | | |
|---|---|---|
| Joyce B. Bredell,<br>Complainant, | : | EEOC No. 100-2006-00040X |
| | : | |
| v. | : | Agency No. BIA-05-013 |
| | : | |
| Dirk Kempthorne, Secretary, | : | June 12, 2006 |
| U.S. Department of the Interior,<br>Agency, | : | |

### DECISION

This Decision is issued pursuant to 29 C.F.R. § 1614.109 (g) (2005).[1] The matter comes

before me upon the Agency's unopposed[2] Motion for Summary Judgment ("Agency's Motion"),

submitted on May 2, 2006. Based upon the arguments contained in the foregoing pleading, the Report

of Investigation (ROI), and the entire record herein, the Agency's Motion is GRANTED.

### ISSUES

*Whether, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended,*
*42 U.S.C. §§ 2000e-2000e-15, and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§706,*
*et seq. (Rehabilitation Act), the U.S. Department of the Interior ("Agency") discriminated*
*against Joyce Bredell ("Complainant"), based upon her race (African American), color (dark*

---

[1] The Commission's regulations are patterned after the procedures and guidelines for summary judgment set forth in R. 56 of the Federal Rules of Civil Procedure. *Pedersen v. Reno*, Attorney General, EEOC Request No. 05943339 (1995). Fed. R. Civ. P. 56 provides, "When a motion for summary judgment is made and supported as provided in this rule, . . . [t]he adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

[2] On May 12, 2006, after receipt of the Agency's Motion, Complainant, asserting that she was contemplating retaining counsel and/or withdrawing the complaint, requested an extension of the due date for the submission of any opposition or response (May 20, 2006). To date, however, no Designation of Representative has been submitted to the EEOC, the complaint has not been withdrawn, and no opposition or reply has been submitted by Complainant.

*skin), sex (female), physical disability (cerebral palsy) and reprisal (prior EEO activity), when:*

1.     *On September 29, 2004, Complainant became aware that her selection for the position of Program Support Assistant (OA), GS-308-8, had been rescinded;*

2.     *The promotion was rescinded the day after Complainant had a meeting with her supervisor to discuss her selection, which was within a different office;*

3.     *On August 20, 2004, Complainant was removed from a previously approved Alternative Work Schedule (AWS).*

ROl, Tab 3, Acceptance letter.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Upon review, I determine that the Agency's Motion correctly states the applicable, material facts and adopt same.

## STATEMENT OF APPLICABLE SUBSTANTIVE LAW

Complainant bears the ultimate burden of persuading the trier of fact that the Agency intentionally engaged in unlawful discrimination against her with respect to a term, condition or privilege of employment. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993). Absent direct evidence of discrimination, the Complainant in a Title VII or Rehabilitation Act case, as here, must carry the initial burden of production under the statutes of establishing a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252 (1981).

In this case, there is no direct evidence of discrimination.[3] Therefore, in order to prove her

---

[3] Direct evidence, if believed by the trier of fact, resolves the ultimate issue of whether discrimination occurred, therein shifting the burden of proof to the Agency to demonstrate that the adverse action would have occurred even absent discrimination. *See EEOC Policy Guidance on Recent Developments in Disparate Treatment Theory*, No. 915.002, § III (1992); *Privette v. HUD*, EEOC Appeal No. 01832650 (1985); *Caban-Wheeler v. Elsea*, 904 F.2d 1549, 1555 (11th Cir. 1990).

claims, Complainant may follow the *McDonnell Douglas* tripartite framework[4] to raise a rebuttable

inference of unlawful discrimination, thereby requiring the Agency to articulate legitimate, non-

discriminatory reasons for its actions. The burden of establishing a *prima facie* case is not onerous.

Complainant may establish a *prima facie* case of disparate treatment under Title VII by

showing that: (1) she is a member of a group protected from discrimination; and (2) she was treated

differently from similarly situated employees not in Complainant's protected class; or (3) that other

evidence exists sufficient to create an inference that the agency's actions were motivated by

discrimination. *Burdine*, 450 U.S. at 256, n. 6; *Furnco Constr. Corp.*, 438 U.S. at 576; *McDonnell

Douglas*, 411 U.S. at 802 , n.13; EEO MD-110, App. L-1 (November 9, 1999). *See also

O'Connor v. Consolidated Coin Caterer's Corp.*, 517 U.S. 308, 311-12 (1996) (must be a logical

connection between each element of a *prima facie* case and the illegal discrimination), *citing Burdine*,

450 U.S. at 254.

Complainant may establish a *prima facie* case of reprisal discrimination by demonstrating: (1)

she opposed unlawful employment practices or participated in Title VII proceedings; (2) the Agency

was aware of Complainant's participation in a protected activity; (3) the Agency took an adverse

action against Complainant; and (4) the adverse action followed Complainant's participation in a

protected activity within such period as to warrant an inference of a retaliatory motive. *See Webster v.

Dep't of Army*, 911 F.2d 679, 688-91 (Fed. Cir. 1990); *Brown v. Brody*, 199 F.3d 446, 453 (D.C.

---

[4] Because facts in EEO cases vary, the specific tripartite structure set forth in *McDonnell Douglas* for demonstrating the existence of a *prima facie* case is not necessarily applicable in all respects to every case. *McDonnell Douglas*, 411 U.S. at 802, fn. 13. Thus, a Complainant may establish a *prima facie* case of discrimination absent any factor identified by the Court.

Cir. 1999); *McKenna v. Weinberger*, 729 F.2d 783, 788-90 (D.C. Cir. 1984).

To demonstrate a *prima facie* case under the Rehabilitation Act, Complainant must first demonstrate that: (1) she has a disability that substantially limits one or more of her major life activities; or (2) has a record of such an impairment, or (3) is regarded as having such an impairment. Rehabilitation Act. *See* 29 C.F.R. Part 1630.2. *See also Toyota v. Williams*, 534 U.S. 184 (2002).[5] Significantly, the fact that another entity, *e.g.*, Veteran's Administration, Social Security Administration, Workmen's Compensation, *et al.*, has determined an individual to be "disabled", in whole or in part, does not establish that a Complainant is "disabled" as that term is applied under laws enforced by the EEOC. *See Melahn v. Dept. of Navy*, EEOC Appeal No. 01832380 (1985) (determination that person suffers from service-related disability does not establish Complainant as an individual with a disability under the Rehabilitation Act); *Crevier v. Postmaster General*, EEOC Appeal No. 01952393 (1997)(evidence of Veterans Administration's determination of disability does not establish individual as person with disability under Act); *Bono v. Postmaster General*, EEOC Appeal No. 01951113 (1997)(records of service-related disability do not describe condition or any limitation on major life activities).

If Complainant establishes a *prima facie* case of discrimination, the burden of production then shifts to the Agency to articulate a legitimate, nondiscriminatory reason for its challenged actions. *Burdine*, 450 U.S. at 252-54; *McDonnell Douglas*, 411 U.S. at 802. If the Agency does so, the *prima facie* inference drops from the case. *St. Mary's Honor Ctr.*, 509 U.S. at 507, 510-11.

---

[5] Failing to demonstrate a "disability" precludes establishing a *prima facie* case.

Complainant then has to prove by a preponderance of the evidence that the proffered explanation is a pretext for unlawful discrimination. *St. Mary's Honor Ctr.*, 509 U.S. at 511; *Burdine*, 450 U.S. 252-53; *McDonnell Douglas*, 411 U.S. at 804. Complainant always retains the ultimate burden of persuading the trier of fact by the preponderance of the evidence that the Agency intentionally, and unlawfully, discriminated against her. *St. Mary's Honor Ctr.*, 509 U.S. at 511; *United States Postal Service v. Aikens*, 460 U.S. 711, 715 (1983).

In a disparate treatment case, whether Complainant has established a *prima facie* case of discrimination loses its importance when the Agency, as in this case, presents evidence of the reasons for its actions. *Aikens*, 460 U.S. at 717.

## FINDINGS AND ANALYSIS

The trier of fact has before him all the evidence needed to decide whether the Agency intentionally discriminated against Complainant based upon her race, color, sex, disability, or in reprisal. Assuming, *arguendo*, that Complainant satisfied the procedural prerequisites for a Hearing, the evidence does not warrant one. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

At the outset, I note that the Complainant's mere contentions that management is somehow biased against her protected classes is not sufficient to establish that the Agency's reasons for its actions were pretextual. *See Plummer v. U.S. Dep't of the Army*, EEOC Appeal No. 01A23495 (2003). *See also Gleason v. Treasury*, EEOC No. 01900965 (1990); *Page v. EEOC*, EEOC Appeal No. 01932456 (1994), *affd* Request No. 05940531 (1994).

The Agency articulates that Complainant fails to establish that she has a disability under applicable law, or that she was perceived or regarded as disabled by Agency management as Complainant's condition, which lacked significant objective manifestation, was unknown by Agency management and responsible officials. Agency Motion, at 5. In addition, the Agency points out that Complainant fails to demonstrate that any comparators, not in her protected classes, were treated differently by her particular office. *Id.* at 6-7.

With respect to Complainant's reprisal allegations, the Agency articulates that Complainant's AWS, cancelled in August of 2004, occurred well before the relevant Agency management learned of Complainant's asserted EEO activity (November of 2004). *Id.* at 7. Moreover, the Agency further points out that Complainant relies upon union activity, not participation in EEO activity or opposing unlawful discrimination under Title VII, as the underlying reprisal predicate, *citing Chappell v. USPS*, EEOC Appeal No. 01A13686 (2002). *Id.* at 8-9.

Last, the Agency articulates that, at the time another office (ASIA) in the Agency selected Complainant to fulfill a position involving timekeeping duties, Complainant was under investigation in her office (BIA) for failing to accurately report her time and attendance and that, upon discovering that Complainant was under investigation in BIA, Agency management in ASIA rescinded the job offer. *Id.*

Significantly, Complainant has not opposed the Agency's Motion for Summary Judgment nor proffered evidence from which I could conclude that she was subject to disparate treatment because of her race, color, sex, disability, or in reprisal. The explanations provided by the Agency are legally sufficient to justify a judgment for the Agency; and the Complainant has not offered, and the record does not contain, evidence of pretext. *See McDonnell Douglas; Furnco; Burdine; St. Mary's Honor*

*Consolidated Coin.*

Having thoroughly reviewed and, exercising strict scrutiny, considered all of the evidence of record, including the Report of Investigation and the submission of the Agency in the light most favorable to the Complainant; and, having found that the Agency's motion contains an accurate recitation of the undisputed material facts, I determine that the Agency is entitled to summary judgment.

SO ORDERED

Date:   June 12, 2006

Richard W. Furcolo
Administrative Judge

Encl.

Copies to: Parties of Record (by First Class mail)

Joyce B. Bredell
3639 Yorktown Drive
Waldorf, MD 20601
Complainant *pro se*

Kerry Creighton, Esq.
U.S. Department of the Interior
1849 C Street, NW, MS 7308
Washington, D.C. 20240
Agency's Designated Representative

Director OEEO
U.S. Department of the Interior
1849 C Streets, NW, MS 5214
Washington, D.C. 20240

## COMPLIANCE WITH AN AGENCY FINAL ACTION

An Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. See 29 C.F.R. § 1614.504. If the complainant believes that the Agency has failed to comply with the terms of its final action, the complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within thirty (30) calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If the complainant is not satisfied with the Agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action. The complainant may file such an appeal within thirty (30) calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least thirty-five (35) calendar days after complainant has served the Agency with the allegations of noncompliance. A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within thirty (30) calendar days of receiving the notice of appeal.