## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOYCE B. BREDELL<br>3624 Matlock Place<br>Waldorf, Maryland 20602<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA<br>United States Attorney<br>For the District of Columbia<br>555 Fourth Street, N.W.<br>Washington, D.C. 20001<br><br>　　　　and<br><br>Attorney General of the United States<br>10th Street and Constitution Avenue, N.W.<br>Washington, D.C. 20530<br><br>　　　　and<br><br>DIRK KEMPTHORNE<br>SECRETARY OF INTERIOR<br>1849 C Streets, N.W.<br>Washington, D.C.　　20240<br><br>　　　　Defendants. | Civil Action:. 06-cv1857 (RCL) |

### PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

COMES NOW Plaintiff, Joyce B. Bredell, by and through undersigned counsel, and files this complaint for damages against Defendants, for alleged violations of Title VII of the Civil Rights Act of 1964 as amended.

1

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked pursuant to 42 U.S.C. § 2000(e) et seq., the Civil Rights Act of 1964, as amended and 28 U.S.C. §§ 1331, 1337, and 1343. Venue is proper as the employment practices at issue were committed within the jurisdiction of the District of Columbia.

2. Plaintiff, Joyce B. Bredell, ("Bredell"), brings this action for discrimination: to wit; discrimination based on race (African American), as it relates to incidents during her employment based on race. Ms. Lee is also setting forth a sexual harassment, disability and reprisal cause of action based on incidents that occurred during her employment at the Department of Interior.

## PARTIES

3. At all relevant times to this action, Plaintiff Joyce Bredell was employed by the Department of Interior. Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission alleging discrimination based on race, disability and reprisal. The Department has received a right to sue letter from the EEOC.

4. Defendant, Dirk Kempthorne and the Department of Interior is a defendant in this action because he controls and operates the affairs of the Department.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff started working for the Department of Interior, Bureau of Indian Affairs (BIA) Office of Information Operations, (OIO) on or around October 10, 2000 as a Secretary.

6. At all times relevant to this complaint, John Messano, was the Director and her first line supervisor at the Office of Information Operations.

7. Beginning in 2001 Plaintiff was assigned an alternative 5-4-9 work schedule (AWS).

8. Plaintiff was later detailed to the Washington Finance Office from March 2003 through December 2003.

9. When Ms. Bredell returned to the OIO office in December, 2003, she submitted a request for a new ten hour day with AWS which was denied.

10. After the denial, Plaintiff continued to work her 5-4-9 AWS schedule.

11. In June 2004, the Complainant applied for the position of Program Support Assistant, GS-303-7/8/9 with the Deputy Assistant Secretary, Information Resources Management in response to Vacancy Announcement No. OS-04-83.

12. On or around August 20, 2004, Mr. Messano told her that he was concerned that her time and attendance records were recorded incorrectly.

13. Mr. Messano stated that he did not believe that the Plaintiff was working her assigned AWS and as a result directed her to work a straight eight-hour day, forty-hour week to begin the following Monday.

14. Mr. Messano never fully explained exactly why he did not believe that Plaintiff accurately worked her schedule.

15. Plaintiff was not aware of any other similarly situated employees had their AWS's rescinded.

16. On or around August 20, 2004, Plaintiff was removed from a previously approved Alternative Work Schedule (AWS).

17. On September 23, 2004, Donna Brannon, a contract Human Resource Specialist with Mineral Management Services, the agency that provides personnel

services to the Assistant Secretary of Indian Affairs (ASIA) informed her that she had been selected for the position and that the selection would be in effect October 3, 2004.

18.  On September 29, 2004, Plaintiff became aware that her selection for the position of Program Support Assistant (OA), GS-308-8, had been rescinded.

19.  Plaintiff contacted Ms. Brannon who notified her of the rescinded offer to determine what happened.

20.  Ms. Brannon stated that Mr. Messano had informed Allan Roit who selected Plaintiff, that he had found time and attendance problems with the Complainant's time sheets.

21.  Plaintiff later learned that Mr. Messano met with Allan Roit regarding his decision to select the Plaintiff.

22.  In that exchange, Messano told Roit that he should not have selected the Plaintiff without receiving his recommendation.

23.  Plaintiff spoke to Messano and told him that she thought that any alleged issues regarding time and attendance records were resolved on August 20, 2004.

24.  Mr. Messano never directly articulated a specific explanation for her being accused of submitting inaccurate time and attendance sheets.

25.  Plaintiff states that she became aware that a white female with no disability was selected for the position and she did not have her selection rescinded.

26.  The white female employee did not possess credentials superior to those of the Plaintiff.

27.  The promotion had been rescinded the day after Plaintiff had a meeting with her supervisor to discuss her selection, which was in a different office.

28.     Defendant's failure to promote the Plaintiff despite her having the ability and credentials to fulfill the aforementioned rescinded positions was the result of discrimination and not based on any legitimate non-discriminatory business decision.

## COUNT I
## DISCRIMINATION BASED ON RACE TITLE VII

29.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 28, inclusive, and incorporates the same by reference as though set forth fully herein.

30.     Defendants, and each of them, through its agent or supervisor, engaged in a pattern and practice of unlawful discrimination on the basis of race or national origin by willfully subjecting the Plaintiff to various forms of harassment in an act of retaliation.

31.     Defendant, and its agents at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraphs 1-28.

32.     Defendants failed to take all reasonable steps to prevent the discrimination based on race from occurring and in addition were unable to articulate a legitimate non-discriminatory reason for Plaintiff's termination.

33.     Defendants violated Title VII by failing to adequately supervise, control, or discipline and/or otherwise penalize the conduct, acts and failures to act of defendants as described in paragraphs 1 through 27.

34.     As a direct and proximate result of defendant's actions, plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

35. Plaintiff is informed and believes, based thereon alleges, that the outrageous conduct of defendants described above was malicious and oppressive, and done with a conscious disregard of plaintiff's rights, and with the intent to injure plaintiff. Plaintiff is entitled to punitive damages from defendants.

## COUNT II
## DISCRIMINATION BASED ON DISABILITY AND RETALIATION

36. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 35 as fully set forth herein and further allege:

37. Defendant and each of them, including the Department of Interior, through its agent or supervisor, engaged in a pattern and practice of unlawful discrimination on the basis of disability by willfully denying Plaintiff a reasonable accommodation in her position as a Secretary.

38. Defendant's action constituted a failure to accommodate Plaintiff's disability as required by the Americans with Disability Act insofar as Ms. Bredell is able to perform all of the essential functions of her job with a reasonable accommodation.

39. Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described yet failed to take all reasonable steps to prevent sexual harassment from occurring, and to protect Plaintiff from sexual harassment and retaliation.

**WHEREFORE**, Plaintiff respectfully prays this Court:

(a) To award compensatory damages in excess of three hundred fifty thousand dollars ($250,000);

(b) To award punitive damages against Defendant in an amount in excess of six hundred thousand dollars ($500,000);

6

(c)  To award reasonable attorney fees and costs of this action; and

(d)  To award such other further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial on all issues.

Respectfully submitted,

_____/s/_____
Reuben B. Collins, II. Bar # 459751
Collins & Talley, LLC
P.O. Box 1857
La Plata, Maryland 20646
(301) 934-4366
(301) 934-1668 facsimile
**FOR PLAINTIFF**

## CERTIFICATE OF DISCOVERY

I HEREBY CERTIFY that a copy of the foregoing amended complaint was delivered via electronic filing this 3rd day of May, 2007 to the following;

Rudolph Contreras
Judith A. Kidwell
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530

_____/s/_____
Reuben Collins