UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOYCE B. BREDELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1857 (RCL) |
| | ) |
| DIRK KEMPTHORNE, Secretary, | ) |
| United States Department of the Interior, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER FOR IMPROPER VENUE**

The Defendant Dirk Kempthorne, Secretary, United States Department of the Interior, through the undersigned counsel, respectfully moves the Court, pursuant to Fed. R. Civ. P. 12(b)(3), to dismiss this case for improper venue,[1] or alternatively, to transfer this action to the Eastern District of Virginia, pursuant to 28 U.S.C. § 1406(a). The grounds for this motion are set forth in the accompanying Memorandum of Points and Authorities In Support. A proposed order is attached.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

---

[1] Defendant reserves all affirmative defenses to be asserted in the proper venue, including, but not limited to, lack of jurisdiction, failure to state a claim upon which relief can be granted, and failure to exhaust administrative remedies.

/s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOYCE B. BREDELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1857 (RCL) |
| ) | |
| DIRK KEMPTHORNE, Secretary, ) | |
| United States Department of the Interior, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
<u>MOTION TO TRANSFER VENUE</u>**

**I. <u>INTRODUCTION</u>**

Plaintiff was an employee of the United States Department of the Interior ("DOI"). *See* First Amended Complaint ("Amended Compl.") ¶¶ 2-3. Plaintiff's residence is in Waldorf, Maryland. *See* Compl. Heading at p. 1.

Plaintiff alleges that she was subjected to discrimination based on race, disability, and reprisal. Amended Compl. ¶¶ 2-3  She also includes claims of sexual harassment[1] and violations of the Americans with Disability Act ("ADA").[2] Amended Compl. ¶¶ 38-39. With respect to venue, Plaintiff alleges that "[V]enue is proper as the employment practices at issue were committed within the jurisdiction of the District of Columbia." Amended Compl. ¶ 1.

However, contrary to Plaintiff's assertion, venue is improper in the District of Columbia.

---

[1] Plaintiff did not make any claims of sexual harassment at the administrative level, and thus, these claims are subject to dismissal for failure to exhaust.

[2] The ADA is not applicable to the federal government. Therefore, the Court lacks jurisdiction over these claims.

As discussed below, Plaintiff's workplace was in Virginia.  *See* Government Exhibit ("Govt. Exh. A"), Declaration of Carl E. Renville, Jr., ¶ 2.  In addition, the judicial district in which Plaintiff would have worked, except for the alleged unlawful employment practices, is the Eastern District of Virginia.  Govt. Exh. A ¶¶ 2-3.  Finally, Plaintiff's employment records are not maintained or administered in the District of Columbia.  Instead, they are maintained and administered in Anadarko, Oklahoma, which is in the Western District of Oklahoma.  *See* Govt. Exh. A ¶ 4.

Defendant submits that venue for this action is proper in the Eastern District of Virginia under two of the venue options and in the Western District of Oklahoma for one of the venue options for Title VII cases.  Accordingly, this action should be dismissed, or in the alternative, given the Plaintiff's residence, transferred to the Eastern District of Virginia.

## ARGUMENT

### II.  PLAINTIFF'S TITLE VII CLAIMS SHOULD BE DISMISSED OR TRANSFERRED TO THE EASTERN DISTRICT OF VIRGINIA

#### A.  Standard of Review

"In considering a rule 12(b)(3) motion, the court accepts plaintiff's well-pled factual allegations regarding venue, as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."  *Darby v. Dept. of Energy*, 231 F.Supp.2d 274, 276 (D.D.C. 2002) (citing *2215 Fifth Street Assocs. v. U-Haul Int'l, Inc.*, 148 F.Supp.2d 50, 54 (D.D.C. 2001).  However, the court need not accept as true Plaintiff's legal conclusions.  *U-Haul*, 148 F.Supp.2d at 54.  In order to prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat plaintiff's assertion of venue.

*Id*.

If a case is filed in the wrong judicial district, a federal court in that district must dismiss the case or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Generally, the "interest of justice" directive allows courts to transfer cases to the appropriate judicial district rather than dismiss them. *James v. Booz-Allen Hamilton, Inc.*, 227 F.Supp.2d 16, 20 (D.D.C. 2002) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962)).

### B. Venue in Title VII Cases

Title VII cases are subject to the venue provisions in the Civil Rights Act of 1964, as amended, which provide that such claims may only be brought in one of the following judicial districts: (1) where the unlawful employment practice is alleged to have been committed; (2) where the employment records relevant to such practice are maintained and administered; or (3) where plaintiff would have worked, but for the alleged unlawful employment practice.

However, if the defendant is not found within any such district, then the action may be brought in the judicial district in which the defendant has its principal office. *See* 42 U.S.C. § 2000e-5(f)(3); *see also Stebbins v. State Farm Mut. Auto. Ins. Co.,* 413 F.2d 1100, 1101-1102 (D.C. Cir. 1969), *cert. denied*, 396 U.S. 895 (1969); *Archuleta v. Sullivan*, 725 F. Supp. 602, 603-04 (D.D.C. 1989); *Tuberville v. Casey*, 525 F. Supp. 1070, 1072 (D.D.C. 1981).

**1. Any Alleged Unlawful Employment Practices Were Committed In The Eastern District of Virginia**.

Plaintiff's Amended Complaint does not state the location of her workplace, but alleges that she worked for the Bureau of Indian Affairs (BIA). Amended Compl. ¶ 5. Plaintiff alleges

that in August and September 2004, she was subjected to discrimination on the bases of race, disability, and retaliation, when she was removed from working an alternative work schedule and when her selection for the position of Program Support Assistant was rescinded. Amended Compl. ¶¶ 16-18, 30, 37.

However, as shown by the Declaration of Carl E. Renville, Jr., Plaintiff worked in either Reston or Herndon, Virginia at this time. *See* Govt. Exh. A ¶ 2. Thus, any unlawful employment practices occurred in the Eastern District of Virginia, not in the District of Columbia.

**2.   Plaintiff's Employment Records Are Maintained and Administered in Oklahoma.**

Plaintiff is an employee of the BIA. *See* Govt. Exh. A ¶ 2. Her official employment records are located and maintained in Anadarko, Oklahoma, which is in the Western District of Oklahoma. *See* Govt. Exh. A ¶ 4. Therefore, Plaintiff cannot establish venue in the District of Columbia based on this Title VII venue option.

**3.   Plaintiff Would Have Worked in the Eastern District of Virginia, But For The Alleged Unlawful Employment Practices.**

Plaintiff alleges that she applied for the position of Program Support Assistant in June 2004, and that she was notified of her selection for the position on September 23, 2004. Amended Compl. ¶¶ 11, 17. Plaintiff alleges that, as a result of discrimination, her selection was rescinded in the latter part of September 2004. Amended Compl. ¶¶ 18, 30-35.

However, the position for which Plaintiff applied and was selected was located in Herndon, Virginia. *See* Govt. Exh. A ¶ 3. Therefore, the judicial district in which Plaintiff would have worked, but for the alleged unlawful employment practices, was the Eastern District

of Virginia, not the District of Columbia.

**4.     Defendant's Principal Office Is In The District of Columbia**.

The fourth venue option under 42 U.S.C. § 2000e-5(f)(3) is a residual provision. It can be used to establish venue only if the defendant cannot be found in any district in which venue would be proper under the other three provisions of the statute. *See Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d at 1101; *Donnell v. National Guard Bureau*, 569 F. Supp. 93, 94 (D.D.C. 1983).

As discussed herein, venue is proper in the Eastern District of Virginia under two of the three other Title VII venue options. Venue is also proper in the Western District of Oklahoma under one of the Title VII venue options. Therefore, the residual venue provision is not available to Plaintiff in this case. Accordingly, the Court should dismiss Plaintiff's Complaint or, in the alternative, should transfer this action to the Eastern District of Virginia.

## Conclusion

For the foregoing reasons, Plaintiff's Complaint should be dismissed for improper venue. Alternatively, should the Court find that it serves the interest of justice, Plaintiff's action should be transferred to the Eastern District of Virginia.

Respectfully submitted,

 /s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
UNITED STATES ATTORNEY

 /s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

        _/s/_____
        JUDITH A. KIDWELL
        Assistant United States Attorney
        555 4th Street, N.W., Room E4905
        Washington, D.C. 20530
        (202) 514-7250

EXHIBIT A

Declaration of CARL E. RENVILLE, JR.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOYCE B. BREDELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1857 (RCL) |
| ) | |
| DIRK KEMPTHORNE, Secretary, ) | |
| United States Department of the Interior, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Upon consideration of Defendant's motion to dismiss, or in the alternative, to transfer venue to the Eastern District of Virginia, any opposition thereto, and the entire record, it is hereby,

ORDERED, that Plaintiff's Complaint is dismissed.

ORDERED, that this action shall be transferred to the Eastern District of Virginia.

Dated: _____        _____
                              ROYCE C. LAMBERTH
                              United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOYCE BREDELL,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>ET AL.,<br>    Defendants. | Civil Action No. 1:06CV1857 (RCL) |

## DECLARATION OF CARL E. RENVILLE, JR.

I, Carl E. Renville, Jr. state the following based on my personal knowledge and belief:

1.    I am a Supervisory Human Resources Specialist (ER/LR) for the Bureau of Indian Affairs. I have held this position since December 28, 2003.

2.    Joyce Bredell was employed by the Department of the Interior, Bureau of Indian Affairs, as a Secretary (Office Automation), GS-318-07, from October 8, 2000 to June 11, 2005. At all times, her office was located in Virginia, either in Reston or Herndon.

3.    In June 2004, Ms. Bredell applied for the position of Program Support Assistant within the Office of the Assistant Secretary for Indian Affairs. That position was also located in Herndon, Virginia.

4.    While she worked for the Bureau of Indian Affairs, her official employment records were located and maintained in Anadarko, Oklahoma.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 16, 2007.

                                                                                              Carl E. Renville, Jr.